### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tyquan Jared Amir Jones, #320934, | ) | |
| | ) | Civil Action No. 5:15-cv-02306-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Order and Opinion** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Tyquan Jared Amir Jones ("Petitioner") filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 alleging ineffective assistance of counsel, that an inculpatory statement was induced by promises of leniency, and that his guilty plea was involuntary. This matter is before the court on Respondent's Motion for Summary Judgment and Return (ECF Nos. 26, 27) and Petitioner's Response in Opposition to Respondent's Motion (ECF No. 31).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West, for pre-trial handling. On March 9, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's Motion for Summary Judgment, (ECF No. 26), be granted and that the Petition in this case, (ECF No. 1), be dismissed with prejudice. This review considers Petitioner's Objections to Report and Recommendation ("Objections"), filed March 25, 2016. (ECF No. 35.)

#### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this

1

summary as its own. (See ECF No. 33.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is currently incarcerated at Kershaw Correctional Institution, part of South Carolina Department of Corrections' Prison System. (ECF No. 17.) At the time he filed this Petition he was incarcerated at Lieber Correctional Institution. Respondent is the Warden at Lieber. (ECF No. 1 at 1.)

On December 3, 2005, Petitioner was charged in Florence County Family Court with murder, armed robbery, and unlawful possession of a pistol. (ECF No. 33 at 2.) Subsequently, the Family Court Judge granted the State's motion to waive Family Court jurisdiction over Petitioner's charges to General Sessions Court. (Id.) Afterwards, a Florence County Grand Jury indicted Petitioner on one count of murder, one count of attempted armed robbery, and one count of conspiracy. State v. Jones, No. 2006-FA-21-1257. On March 15, 2007, Petitioner pleaded guilty to voluntary manslaughter, a lesser included offense of the pending murder charge, for which he was sentenced to 20 years. (ECF No. 33 at 2-3.) Petitioner then filed a direct appeal, in which the Court of Appeals affirmed. (Id. at 3-4); State v. Jones, 709 S.E.2d 696 (S.C. Ct. App. 2011). On September 28, 2011, Petitioner filed a post-conviction relief ("PCR") application, which was denied on November 25, 2013, following an evidentiary hearing. (Id. at 4, 8.) Petitioner filed a *Johnson*[1] Petition for writ of certiorari, which was denied by the Court of Appeals on November 21, 2014. (Id. at 10-11.) On December 1, 2014, Petitioner filed a second PCR action, which was dismissed on July 15, 2015. (Id. at 11-12.)

Petitioner filed the instant Petition for Wirt of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel. (ECF No. 33 at 1, 12.) Respondent filed its Motion for

---

[1] See Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

2

Summary Judgment on October 12, 2015, and Petitioner accordingly filed a Response in Opposition on November 12, 2015. (ECF Nos. 26, 31.)

On March 9, 2016, the Magistrate Judge issued the Report recommending that Respondent's Motion for Summary Judgment be granted. (ECF No. 33.) Despite Respondent's contention, the Magistrate Judge found that Petitioner's Ground One was not procedurally barred. (Id. at 23, 25.) Specifically, the Magistrate Judge found that Petitioner adequately presented his claim of ineffective assistance of counsel to the state courts, through his testimony before the PCR court and in his pro se brief in connection with the appeal from the PCR dismissal. (Id. at 24- 25.)

With respect to Petitioner's claims of ineffective assistance of counsel and involuntary plea, the Magistrate Judge determined that Petitioner cannot demonstrate that the PCR court unreasonably interpreted the record facts or unreasonably misapplied the law in rejecting Petitioner's claims. (Id. at 33.) The Magistrate Judge found that the PCR's court's determinations that Petitioner's plea counsel was not ineffective and that Petitioner's guilty plea was not involuntary were reasonable. (Id. at 31.) First, the Magistrate Judge concluded that the plea counsel was not ineffective for failing to move to suppress an incriminating statement, which Petitioner made to investigators, on the basis that it was improperly induced. (Id.) Specifically, the Magistrate Judge determined that Lieutenant Swaggard's offer to tell prosecutors of Petitioner's cooperation was not an improper promise of leniency that would have rendered Petitioner's statement involuntary. (Id.) Additionally, the Magistrate Judge determined that Petitioner could not claim that he was prejudiced by his plea counsel's failure to move to suppress the statement because Petitioner would still have faced a choice of whether to try to suppress the statement or accept the plea deal, in light of the other evidence against him. (Id. at 32.)

Additionally, the Magistrate Judge concluded that the PCR Judge reasonably found that the plea counsel was not ineffective in advising Petitioner to take the plea deal. (Id.) The Magistrate Judge determined that Petitioner did not overcome the "strong presumption of veracity" carried by his assurances at the plea hearing that his plea was a voluntary, knowing, and intelligent decision. (Id.) In fact, the Magistrate Judge determined that Petitioner presented no evidence or argument that would allow the court to disregard his assurances of voluntariness he gave during his plea hearing. (Id. at 33.) Thus, the Magistrate Judge found that Petitioner failed to carry his burden by demonstrating that the PCR court unreasonably interpreted the facts or misapplied the law regarding his claims of ineffective assistance of counsel and involuntary plea.

Petitioner timely filed his objections to the Report on March 26, 2016. (ECF No. 35.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005)

4

(quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation on March 25, 2016. (ECF No. 35.) It is significant to note that Petitioner's objections lacked clarity and were not entirely discernible, but the court will attempt to articulate Petitioner's basic contentions. Essentially, Petitioner first contends that the Magistrate Judge failed to acknowledge his ineffective assistance of counsel claims that arise out of his representation at the Family Court waiver hearing. (Id. at 1.) Next, Petitioner claims that the facts of his case, relating to his statement to investigators, are distinguished from the facts of United States v. Robinson, 698 F.2d 448 (D.C. Cir. 1983) because he and the investigators discussed a juvenile sentence. (Id.) Third, Petitioner claims that his plea counsel was ineffective in not challenging the admissibility of his statement to investigators under Fifth Amendment grounds at the Family Court waiver hearing. (ECF No. 35 at 1.) Lastly, Petitioner points out that he did not readdress issues he raised in his Memorandum in his Response to Respondent's Motion for Summary Judgment, because he felt that it was unnecessary to do so. (Id. at 2.)

Although Petitioner has outlined his objections to the Report, he has failed to demonstrate how the Magistrate Judge's reasoning is incorrect. Petitioner's first objection is without merit because the Magistrate Judge did address Petitioner's claim that his counsel was ineffective at his waiver hearing, when the Magistrate Judge generally discussed Petitioner's claim of ineffective

5

assistance of counsel based on the failure to move to suppress the incriminatory statement. (ECF No. 33 at 31-32.)[2] Additionally, Petitioner's second claim fails to specifically object to the Magistrate Judge's finding that Petitioner's statement was not involuntary. Similarly, Petitioner's third objection does not specifically object to the Magistrate Judge's determination that the plea counsel was not ineffective for failing to move to suppress Petitioner's statement. Because Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315. The court does not find clear error.

Thus, this court finds that the Magistrate Judge was correct in concluding that Respondent is entitled to summary judgment. Accordingly, this court adopts the Report of the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 33). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 26) is **GRANTED**. Furthermore, this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

---

[2] Despite Petitioner's contention, the Magistrate Judge did apply the Strickland test (ECF No. 33 at 31-32) to Petitioner's claim of ineffective assistance of counsel related to the failure to suppress the incriminatory statement. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (To prevail on a claim of ineffectiveness assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

> (c)(2) A certificate of appealability may issue... only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 14, 2016

Columbia, South Carolina